1  **Robert Stempler**, Cal. Bar No. 160299
   Email: StemplerLaw@Gmail.com
2  CONSUMER LAW OFFICE OF
   ROBERT STEMPLER, APLC
3  P.O. Box 1721
   Palm Springs, CA 92263-1721
4
   Telephone (760) 422-2200
5  Facsimile (909) 433-2132

6  Counsel for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  HANNY ROBINSON,                    Case No.   CV 09 - 01996 DDP (JCx)

12          Plaintiff,                 COMPLAINT FOR:
                                       1.    VIOLATING THE FAIR DEBT
13      vs.                                  COLLECTION PRACTICES
                                             ACT;
14  MANAGED ACCOUNTS               2.    CALIFORNIA ROSENTHAL
    RECEIVABLE                            FAIR DEBT COLLECTION
15  CORPORATION;                         PRACTICES ACT;
    LAW OFFICES OF COREY          3.    FRAUD;
16  FITZGERALD;                    4.    INTENTIONAL INTERFERENCE
    DENNIS BELL;                         WITH PROSPECTIVE
17  MR. BISHOP;                          ECONOMIC ADVANTAGE;
    DEANA RIGHETTINI;             5.    INTENTIONAL INFLICTION OF
18  and DOES 1 to 10;                    EMOTIONAL DISTRESS;
                                   6.    INVASION OF PRIVACY;
19          Defendants.            7.    INJUNCTIVE RELIEF UNDER
                                         CALIFORNIA BUSINESS AND
20                                       PROFESSIONS CODE

21                                 and DEMAND FOR JURY TRIAL

22

23                          Jurisdiction

24      1.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28

25  U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claims, pursuant

26  to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

27  ///

28  ///

Parties

2.     The plaintiff, HANNY ROBINSON, is a natural person.

3.     Defendant MANAGED ACCOUNTS RECEIVABLE CORPORATION ["MarCorp"] was and is an entity engaged primarily in the business of collecting debts.

4.     Defendant LAW OFFICES OF COREY FITZGERALD ["Fitzgerald"] was and is an entity or a sole proprietorship engaged primarily in the business of collecting debts.

5.     Defendant DENNIS BELL ["Bell"] was employed by MarCorp and committed, on its behalf, the conduct ascribed to Bell, below.

6.     Defendant MR. BISHOP ["Bishop"] was employed by Fitzgerald and committed, on its behalf, the conduct ascribed to Bishop, below.

7.     Defendant DEANA RIGHETTINI ["Deana"] was employed by Fitzgerald and committed, on its behalf, the conduct ascribed to Deana, below.

8.     The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to plaintiff, at the present time.

Facts Supporting Each Claim

9.     The defendants are debt collectors who attempted to collect an alleged debt [which Fitzgerald's correspondence referred to as "Our File No. 1975," referenced herein as the "Account"].

10.     Before Christmas, in December of 2008, Bell called Plaintiff in an attempt to collect on the Account, during which conversation Plaintiff informed Bell that she was on active duty in the Marines, so the Servicemembers' Civil Relief Act ("SCRA") applied.

11.     During the conversation in December of 2008, Plaintiff asked Bell to validate the Account and send it to Plaintiff's current home address. Bell represented that they were having a Christmas party and everyone is too busy,

therefore the written validation would be sent to Plaintiff after the holidays, which Plaintiff understood to mean in early January 2009.  On this basis, Plaintiff agreed to make payments totaling $1,940 to fully settle the Account.

12.    In reliance on Bell's representation that he would send Plaintiff a written validation of the Account after the holidays and their agreement that the settlement was for $1,940, Plaintiff told Bell her checking account number at Navy Federal Credit Union and said that MarCorp may obtain the following three post-dated withdrawals:

         a.    $250 on January 15, 2009;

         b.    $250 on February 1, 2009; and

         c.    $250 on February 15, 2009.

13.    With the assistance of an attorney provided by the U.S. Marine Corps, on December 20, 2009 Plaintiff prepared and sent MarCorp a letter of Plaintiff's rights under the SCRA, including a letter from Plaintiff's Marine Corps attorney.

14.    Without prior notice to Plaintiff, a $500 paper draft dated January 5, 2009, was prepared; the draft was entitled "Statement of Debit," and contained the representation that "This preauthorized bank draft is for the payment of," and the remainder appears illegible on the copy provided by Plaintiff's bank.

15.    Several days before January 15,2009, Plaintiff called MarCorp and advised Bell that Plaintiff could not afford the payments discussed and proposed a lower amount, which Bell said was too little, but that he would discuss it with his client.  Bell did not mention the "Statement of Debit," which had been  prepared.

16.    On or about January 14, 2009, MarCorp deposited into its trust account at Wells Fargo Bank the "Statement of Debit," withdrawing $500 from Plaintiff's checking account.

17.    Plaintiff had not authorized the $500 withdrawal on January 14, 2009, and MarCorp had not sent Plaintiff advance notice of the withdrawal or written validation of the Account, which had been promised.

18.    Upon learning of the withdrawal, Plaintiff had her bank stop payment.

19.    On February 5, 2009, Plaintiff received a phone message on her cell phone from Mr. Bishop, who said he was with Fitzgerald and that the matter of the Account was about to go to court.  The same day, Plaintiff called back Mr. Bishop, who said that Plaintiff had written a bad check, to which Plaintiff replied that the $500 check was stopped at Plaintiff's request to her bank.  Mr. Bishop said that:

a.    he knew nothing about Plaintiff's settlement for $1,940;

b.    Dennis Bell no longer works at MarCorp;

c.    there was nothing in the file about a settlement; and

d.    he could settle the Account for $3,000, provided a payment was received by February 25, 2009.

20.    Plaintiff informed Mr. Bishop that Plaintiff sent MarCorp a letter in late December 2008, with a letter from the Marine Corps attorney, to which Mr. Bishop said that he had them in Plaintiff's file, and they called the Marine Corps attorney about the bad check, who said that the Marine Corps attorney will not represent Plaintiff because it is a criminal charge.

21.    Plaintiff advised Mr. Bishop that Plaintiff would pay nothing until she received written validation of the Account, because MarCorp took funds without authorization and that was unfair, to which Mr. Bishop represented that he "can't do that."

22.    Mr. Bishop represented that he was on a time restraint with this matter, which will go to superior court, and his only job is to collect the debt for his client, that's what he is paid to do.

23.    Mr. Bishop told Plaintiff to call him back to make a payment on February 25, 2009.

24.    Plaintiff did not agree to any payment, as she did not receive a written validation of the Account.

25.     On March 12, 2009, Plaintiff received a phone call at work from Deana, who said she was with Fitzgerald. Plaintiff advised Deana that she was not permitted to contact Plaintiff's workplace, to which Deana said "Yes I can.  There is nothing that says that I can't."

26.     Deana said that Plaintiff had written a couple of bad checks, to which Plaintiff explained that she never wrote any actual checks, and that MarCorp took the funds electronically, after Plaintiff had told them not to take any funds.

27.     Deana said that Plaintiff owed $3,480 on the Account and they discussed settlement terms, which Deana said must be either three payments of $1,000 each or four payments of $750 each.

28.     Plaintiff asked Deana to send Plaintiff written validation of the Account, to which Deana represented that she would send the validation by email and regular mail.

29.     The email Plaintiff received from Deana was a letter dated March 12, 2009 on Fitzgerald letterhead, did not include the original creditor or account number, and the balance due seemed incorrect, showing a $3,942.48 amount.

30.     Fitzgerald's letter dated March 12, 2009 demanded $3,000 to settle with all payments via "Autopay," of $300 due April 2, 2009 and three monthly payments of $900 each, with no reference to the SCRA adjustment or Plaintiff's validation requests.

31.     Fitzgerald's letter failed to notify Plaintiff of her rights under the FDCPA or indicate that the letter was written to collect a debt by a debt collector.

32.     On March 13, 2009, Plaintiff sent a letter by certified mail to Fitzgerald, attention Deana, disputing the Account, and requesting written validation of the Account and to cease communications and not call her at work.

33.     On March 13, 2009, Plaintiff was off work, yet Deana called Plaintiff's work place and spoke with a Sergeant on duty.

34.     On March 14, 2009, Fitzgerald received Plaintiff's March 13th letter.

35.     On March 16, 2009, Deana called Plaintiff's work place and spoke with the person who answers the phones, who informed Deana that she is not authorized to call the workplace, to which Deana commented that she will continue to call.

36.     On March 17, 2009, someone from a law office called Plaintiff's workplace asking for Plaintiff, to verify Plaintiff's employment, and stated that they will send someone on base to serve a lawsuit on Plaintiff.

FIRST CLAIM FOR RELIEF

Violating the Fair Debt Collection Practices Act

Against All Defendants

37.     Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

38.     Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

39.     The defendants are each a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6).  See, e.g., Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 228 (4th Cir. 2007).

40.     The purported credit transaction that the defendants have attempted to collect from plaintiff, is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

41.     The above-noted purported debt was purportedly incurred by plaintiff for personal, family, or household purposes, i.e., household furniture.

42.     The defendants violated numerous sections of the FDCPA.

43.     The foregoing violations of the FDCPA are among the defendants' practices towards numerous consumers, such as plaintiff, for which the defendants are motivated by enhanced profits and collections without resorting to litigation.

## SECOND CLAIM FOR RELIEF

Violating California Rosenthal Fair Debt Collection Practices Act

Against All Defendants

44.     Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

45.     The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry.  Cal. Civil Code § 1788.1(a)(1).  The Legislature found: "Unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers."  Id.

46.     The defendants are "debt collectors" within the meaning of Civil Code § 1788.2( c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debts, and that none of the defendants to this claim are an attorney nor counselor at law.

47.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h), in that she is a natural person from whom the defendants sought to collect a consumer debt alleged to be due and owing.

48.     The purported debt which the defendants have attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

49.     The defendants violated the Rosenthal Act, including  Cal. Civil Code § 1788.17 for applicable FDCPA violations.

///

///

///

# THIRD CLAIM FOR RELIEF

## Fraud

## Against Bell and MarCorp Only

50.     Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

51.     Plaintiff gave Bell her bank account number over the phone in December of 2008, on Bell's representation that MarCorp would validate the Account in writing after the Christmas holidays.

52.     Before the January 15, 2009 payment was due, Plaintiff notified Bell that the payment was no longer authorized and that a new payment schedule would need to be approved, as well as the written validation received by Plaintiff.

53.     Bell's misrepresentations were false and deceptive and the defendants were aware at the time that such representations were false, deceptive, and fraudulent.

54.     The defendants intended that Plaintiff rely on such misrepresentations to her detriment.

55.     In fact, Plaintiff relied on such representations to her detriment, in particular by (a) initially authorizing electronic withdrawals towards settling the Account, and (b) giving Plaintiff's bank account information for such settlement.

56.     MarCorp's electronic withdrawal presented to Plaintiff's bank was false and fraudulent, in that Plaintiff had revoked her authorization.

57.     In addition to emotional upset, embarrassment, and distress caused, the defendants damaged Plaintiff by taking funds from Plaintiff's bank account without authorization, causing Plaintiff to incur time to notify her bank to stop all unauthorized drafts, and .causing Plaintiff to close her bank account to prevent further illegal withdrawals.

58.     The defendants' misrepresentations were done knowingly, willfully, fraudulently, and/or with malicious intent to profit from such misrepresentations.

59.     Subsequently the defendants represented to Plaintiff that the stop payment was a "bad check," which caused further emotional upset and distress.

FOURTH CLAIM FOR RELIEF

Intentional Interference with Prospective Economic Advantage

Against All Defendants

60.     Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

61.     Despite their knowledge that Plaintiff had revoked her authorization of MarCorp's electronic withdraw, and that such withdrawals are difficult to stop or might not be stopped by her bank, MarCorp withdrew funds from Plaintiff's bank account using a false draft, which caused Plaintiff to stop the payment, close her bank account, and terminate her pre-existing banking relationship, to prevent any additional unauthorized withdrawals.

62.     Despite being on notice that Plaintiff had requested validation of the account and informed the defendants to not contact Plaintiff at work and to put all communications in writing, the defendants called Plaintiff's workplace with the intention of causing Plaintiff to fear being reprimanded by her employer and, they hoped the calls would get Plaintiff reprimanded, so as to convince Plaintiff to pay the Account without insisting on written validation.

FIFTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress

Against All Defendants

63.     Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" and paragraphs within "Intentional Interference with Prospective Economic Advantage" are incorporated by reference.

64.   In doing the acts described above, the defendants intended to cause plaintiffs emotional distress.

65.   The actions of the defendants were outrageous, intentional, and malicious, and done with reckless disregard of the fact that it would certainly cause, and did cause, plaintiffs to suffer severe emotional distress.

66.   Defendants' conduct was done knowingly, willfully, fraudulently, and/or with malicious intent.


### SIXTH CLAIM FOR RELIEF

Invasion of Privacy

Against All Defendants, Except Bell

67.   Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim."

68.   Plaintiff had and continues to have a reasonable expectation of privacy with respect to the sanctity of her home, personal relations, and workplace, and to be free from harassment by telephone or in person.

69.   The defendants seriously invaded Plaintiff's right to privacy in a manner which constituted an egregious breach of social norms.

70.   The defendants acted with oppression, fraud, and malice, thereby entitling Plaintiff to punitive damages.


### SEVENTH CLAIM FOR RELIEF

Injunctive Relief under California Business and Professions Code

Against All Defendants, Except Bell and Deana R.

71.   Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

72.   The California Unfair Competition Law ["UCL"], Cal. Business & Professions Code § 17200 et seq., prohibits unlawful, unfair, or fraudulent

business acts or practices; it provides that a Court may order injunctive relief and restitution to affected members of the general public to remedy violations.

73.     The defendants are subject to the laws of the State of California in connection with their activities within California.

74.     The defendants have committed unlawful, unfair, or fraudulent acts or practices in engaging in the business of debt collection, which caused the Plaintiff to reveal to the defendants her bank name and account number.

75.     The acts and practices of the defendants constitute unfair business practices, because these acts and practices are likely to deceive the general public as to their legal rights and obligations with respect to the collection of debts.

76.     As more particularly described above, the following acts or practices, separately, together, or in combination, constitute "unfair or deceptive acts or practices," which may be prohibited and enjoined, pursuant to Business and Professions Code sections 17200 and 17203:

        a.     The violations of law alleged in the First and Second Claims;

        b.     Defrauding others of money or personal property by knowingly and designingly making false or fraudulent representations or pretenses (Penal Code § 484(a));

        c.     Submitting unauthorized drafts in violation of the California Commercial Code and Uniform Commercial Code.

38.     Pursuant to Business and Professions Code sections 17203 and 17204, Plaintiff is empowered to act as a private attorney general to enjoin such conduct.

39.     Each of the defendants sued herein have engaged in unfair competition by, among other things, doing those things described above.  This conduct is unlawful, unfair, or deceptive, and thus constitutes unfair competition.

PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

     1.    On the First Claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k, an award of actual and statutory damages, costs and reasonable attorneys' fees;

     2.    On the Second Claim for violating the California Rosenthal Fair Debt Collection Practices Act, pursuant to § 1788.30, an award of actual and statutory damages, costs and reasonable attorneys' fees;

     3.    On the Third, Fourth, Fifth, and Sixth Claims for an award of compensatory and punitive damages;

     4.    On the Seventh Claim for Injunctive Relief under California Business and Professions Code, an order enjoining the defendants and their employees and agents from engaging in further violations of the statutes referenced, and from doing the acts which are considered unfair and/or deceptive by the allegations in this claim; all orders necessary to enforce such injunctions; and an award of attorney's fees, pursuant to Cal. Code of Civil Procedure § 1021.5;

     5.    For such other further relief as the Court deems just and proper.

\

DEMAND FOR JURY TRIAL

Please take notice that the plaintiff demands trial by jury in this action.


CONSUMER LAW OFFICE OF ROBERT STEMPLER, APLC

By: Robert Stempler,
Attorney for Plaintiff

- 12 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 1996 DDP (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert Stempler, Cal. Bar No. 160299
Email: StemplerLaw@Gmail.com
Consumer Law Office of Robert Stempler, APLC
Post Office Box 1721
Palm Springs, CA 92263-1721
Telephone (760) 422-2200; Fax: (909) 433-2132

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNY ROBINSON, | CASE NUMBER |
| PLAINTIFF(S) <br> v. | CV 09 - 01996 DDP (JCx) |
| MANAGED ACCOUNTS RECEIVABLE CORPORATION; LAW OFFICES OF COREY FITZGERALD; DENNIS BELL; MR. BISHOP; DEANA RIGHETTINI; and DOES 1 to 10, <br> DEFENDANT(S). | SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert Stempler_____, whose address is _P.O. Box 1721; Palm Springs CA 92263-1721_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: ___MAR 2 4 2009___

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HANNY ROBINSON | MANAGED ACCOUNTS RECEIVABLE CORPORATION; LAW OFFICES OF COREY FITZGERALD; DENNIS BELL; MR. BISHOP; DEANA RIGHETTINI |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert Stempler, Telephone (760) 422-2200 Consumer Law Office of Robert Stempler, APLC P.O. Box 1721; Palm Springs CA 92263-1721 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $ To be determined.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV 09 - 01996 DDP (JCx)

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  Marc 23, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |