Robert J. Hatem, Bar No. 185654
Jason T. Yu, Bar No. 232740
KLINEDINST PC
777 S. Figueroa St., 47th Floor
Los Angeles, California 90017
(213) 607-2115/FAX (213) 607-2116
rhatem@klinedinstlaw.com
jyu@klinedinstlaw.com

Attorneys for Defendants
LAW OFFICES OF COREY FITZGERALD, MARK BISHOP, erroneously named as MR. BISHOP, and DEANA RIGHETTINI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNY ROBINSON,<br><br>            Plaintiff,<br><br>    v.<br><br>MANAGED ACCOUNTS RECEIVABLE CORPORATION; LAW OFFICES OF COREY FITZGERALD; DENNIS BELL; MR. BISHOP; DEANA RIGHETTINI and DOES 1 TO 10,<br><br>            Defendants. | Case No.   CV09-01996 DDP (JCx)<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF HANNY ROBINSON'S COMPLAINT PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>DATE:    June 29, 2009<br>TIME:    10:00 a.m.<br>CTRM.:   3 – 2nd Floor<br><br>Judge:              Dean D. Pregerson<br>Magistrate:         Jacqueline Chooljian<br>Complaint Filed:    3-24-09<br>Trial Date:         None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on June 29, 2009, at 10:00 a.m., in Courtroom No. 3, of the Central District Court, located at 312 N. Spring Street, Los Angeles, CA 90012, the Honorable Dean D. Pregerson presiding, Defendants MARK BISHOP, DEANA RIGHETIINI, and LAW OFFICES OF COREY FITZGERALD will, and hereby do, respectfully move this Court to strike portions of Plaintiff HANNY ROBINSON's Complaint pursuant to Federal Rule of Civil

Procedure 12(f) because:

    a. Plaintiff Has Pled Insufficient Facts to Support a Prayer for Punitive Damages.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities, the accompanying [Proposed] Order; the pleadings and papers on file and hereafter filed; and upon other such matters as may be presented to the Court before or at the time of the hearing on this Motion. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 28, 2009.

DATED: June 4th, 2009

KLINEDINST PC

By: /s/ Robert J. Hatem
ROBERT J. HATEM
JASON T. YU
Attorneys for Defendant,
LAW OFFICES OF COREY FITZGERALD, MARK BISHOP and DEANA RIGHETTINI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The instant motion to strike is one of two concurrent motions filed by Defendants MARK BISHOP, DEANA RIGHETTIINI, and LAW OFFICES OF COREY FITZGERALD (collectively "Defendants" unless individually referenced), seeking relief from the improper claims asserted in Plaintiff HANNY ROBINSON's ("Plaintiff") Complaint. Because Plaintiff failed to properly plead any of the claims, Defendants have filed a 12(b)(6) motion to dismiss all claims. Defendants have also filed, in an abundance of caution, the concurrent motion to strike Plaintiff's claims for punitive damages, in the event Plaintiff's entire complaint is not dismissed.

Plaintiff's complaint seeks punitive damages for three state law claims: Intentional Infliction of Emotional Distress, Intentional Interference With Prospective Economic Advantage and Invasion of Privacy. In each instance, the skeletal allegations, however, utterly fail to provide any factual basis required for the imposition of such exemplary damages. Rather, Plaintiff merely recites the bare elements of intentional interference with prospective economic advantage, intentional infliction of emotional distress and invasion of privacy, and then concludes each claim with a hollow statement that Defendants' supposed conduct was "willful" and "intended to cause injury." (See Complaint). Such allegations, devoid of any specificity, cannot legally support claims for exemplary damages under California law. Something *more* than tortious conduct must always be alleged to maintain a claim for punitive damages.

Plaintiff's own allegations are vague and ambiguous as to the conduct exhibited by the Defendants which warrant punitive damages. Such vaguely alleged "conduct" cannot possibly support Plaintiff's claims for relief, let alone its prayer for punitive damages. Thus, Defendants respectfully request that the Court strike from the Complaint any claims of entitlement to punitive damages.

Specifically, Defendants request that the Court strike as improper Paragraph 70 (10:28) of the Complaint, as well as Item 3 of the Complaint's Prayer for Relief (12:10).

## II. APPLICABLE LAW AND STATUTORY AUTHORITY.

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Upon motion made by a party before responding to a pleading, . . . the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter.

Furthermore, the Court of Appeals for the Ninth Circuit has consistently recognized that the determination of an award of punitive damages brought under state claims is a substantive issue to be considered under state law. See Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1164-65 (9th Cir. 2002) (applying California law to determine liability for punitive damages); Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1013-14 (9th Cir. 2004) (same); Henry v. Lehman Commer. Paper, Inc., 471 F.3d 977, 998-99 (9th Cir. 2006) (same).

In turn, California Civil Code section 3294 provides in pertinent part:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> . . .
>
> (c)   As used in this section, the following definitions shall apply:
>
> > (1)   "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
> >
> > (2)   "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

As explained in greater detail below, a plaintiff must plead "malice," "oppression," or "fraud" with *specificity* in order to maintain a claim for exemplary damages under California law. Plaintiff's failure to do so precludes any recovery of punitive damages in the instant case.

### III. PLAINTIFF HAS PLEADED INSUFFICIENT FACTS TO SUPPORT A PRAYER FOR PUNITIVE DAMAGES.

#### A. Plaintiff Must Plead "Despicable" Conduct That May Give Rise to an Award of Punitive Damages.

Prior to 1988, California appellate decisions routinely expressed a strong aversion to awards of punitive damages and stressed that they should only be awarded under unusually aggravated circumstances. For example, in Beck v. State Farm Mut. Auto. Ins. Co., 54 Cal.App.3d 347 (1976), the jury awarded the plaintiff $25,000.00 in compensatory damages and $75,000.00 in punitive damages as a consequence of the insurer's improper handling of an uninsured motorist claim. After affirming the award of compensatory damages, the Court of Appeal reversed the award of punitive damages and stated:

> State Farm's challenge to the sufficiency of the evidence to support the award of punitive damages has merit. **The law does not favor punitive damages and they should be granted with the greatest caution.** To justify an award of punitive damages, the defendant must be guilty of oppression, fraud, or malice. **It must act with intent to vex, injure or annoy, or with a conscious disregard of plaintiff's rights.**

Id. at 355 (emphasis added; citations omitted).

The extreme levels to which a defendant's conduct must rise in order to justify punitive damages was graphically demonstrated in Flyer's Body Shop Profit

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Sharing Plan v. Ticor Title Ins. Co., 185 Cal.App.3d 1149 (1986). In that case, the plaintiff sued the defendant insurance company for conversion, negligence and breach of fiduciary duty arising out of the defendant's alleged mishandling of $50,000.00 which had been placed in escrow by the plaintiff. The jury awarded $48,178.08 in compensatory damages and $250,000.00 in punitive damages. In *reversing* the award of punitive damages, the Court of Appeal left no doubt that such damages are to be awarded only where the defendant's conduct reaches *intolerable* levels:

> Punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy. The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages . . . **Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate** ... [Something] more than the mere commission of a tort is always required for punitive damages...[T]o establish malice, **it is not sufficient to only show that the defendant's conduct was negligent, grossly negligent or even reckless.**

Id. at 1154-1155 (emphasis added; citations omitted).

In Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269 (1994), the plaintiffs sued their insurance company for breach of the implied covenant of good faith and fair dealing following the denial of a claim made under their homeowner's policy. The jury in the bad faith action awarded compensatory and punitive damages. Reversing the punitive damages award, the court discussed the extremely high threshold a plaintiff must reach in order to be awarded punitive damages and noted that the conduct justifying an award of punitive damages "has been described as '[having] the character of outrage frequently associated with **crime**.' [Citation.]" Id. at 1287. The court concluded that Transamerica had done "nothing . . . which could be described as **evil, criminal, recklessly indifferent to the rights of the insured, or with a vexatious intention to injure.**" Id. at 1288 (emphasis added).

Before 1988, in order to prove "malice" a plaintiff had to show that the defendant "was aware of the probable dangerous consequences." "Oppression" could be proven only by showing that the defendant subjected the plaintiff "to cruel and unjust hardship in conscious disregard of the person's rights." Former BAJI No. 14.71. For example, in Monge v. Superior Court, 176 Cal.App.3d 503, 510-11 (1986), the court acknowledged that a "critical element" necessary to establish oppression or malice is that the defendant's "unequivocally evil or mischievous motive."

As a direct result of its obvious dissatisfaction with even these strict requirements, California's Legislature added the even more stringent requirement that a defendant's conduct must be found "despicable" before an award of punitive damages can be justified. Cal. Civ. Code §§ 3294 (c)(1), (c)(2).

Basic canons of statutory construction require the presumption that the Legislature does not "indulge in an idle act" when it enacts legislation. The Legislature intends statutes to have some effect and every word, phrase or provision is presumed to have a meaning and to perform a useful function. Simply put, the courts must assume that the Legislature knows what it is saying and means what it says. Moore v. City Council, 244 Cal.App.2d 892, 897 (1966); Pepper v. Bd. of Directors, 162 Cal.App.2d 1, 5 (1958). This rule of statutory interpretation mandates the conclusion that the Legislature intended to punish only truly heinous conduct when it added the emotionally charged word "despicable" to the punitive damage statute.

If there was ever any doubt as to whether the Legislature intended to put "teeth" into the punitive damage requirements, it was resolved by the Committee on Standard Jury Instructions for the Superior Court of Los Angeles County. In revising BAJI No. 14.72.1 to conform to the new legislative requirements, the Committee resisted any temptation to "water down" the definition of "despicable."

///

> ["]Despicable conduct" is conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people.

BAJI No. 14.72.2 (1989) rev.

This definition is entirely consistent with the context in which the word "despicable" is ordinarily used. Examining the circumstances under which this word has been used by California appellate courts illustrates just how bad conduct must be before it is deserving of the title, "despicable":

1. **Sex crimes**. In People v. McElrath, 175 Cal.App.3d 178, 194 (1985), the court observed that "the offenses committed against the victim [rape, oral copulation, sodomy] were of such an outrageous, shocking and despicable nature that the victim suffered extreme humiliation and distress."

2. **Racist attacks**. In People v. Adams, 137 Cal.App.3d 346, 352 (1982), the defendant's conduct consisted of screaming racial epithets at the victims for five minutes before firing several shots at them from a sawed-off .22 caliber rifle. The court characterized the defendant as a "craven" and "malevolent coward" who was guilty of "despicable deeds." Id. at 349-52.

3. **Attempted murder and sexual assault**. In People v. Carter, 144 Cal.App.3d 534 (1983), the defendant was shown to have stabbed a 13-year-old child in the course of a sexual assault and was convicted of attempted murder. In reviewing the sentencing criteria for such crimes, the Court of Appeal observed that it "empathize[d] with the trial court's desire to punish this despicable series of crimes as harshly as possible . . . ." Id. at 541.

Defendants do not intend to suggest that *only* criminal activities rise to the level of "despicable" conduct, despite the fact that the court in Tomaselli almost went that far. However, it is worth noting that when the emotions of the California appellate judiciary are aroused, and they wish to castigate a defendant's conduct in the most pejorative manner possible, they use the term "despicable." Likewise,

- 8 -
NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

although Defendants concede that some conduct which stops short of rape and murder may nevertheless be "despicable," it simply strains credulity to suggest that legislatively defined "despicable conduct" can be found in this case.

### B. Plaintiff Fails to Plead Specific Facts of Despicable Conduct Necessary for an Award of Punitive Damages.

With respect to the proper pleading of punitive damages claims, the Complaint must set forth *specific facts* that entitle Plaintiff to such damages, and Plaintiff has failed to do so. Weil and Brown summarize:

> A claim for punitive damages cannot be pleaded generally, i.e., allegations that defendant acted "with oppression, fraud or malice" toward plaintiff are merely legal conclusions. Likewise, "despicable conduct" is a conclusion. **Specific factual allegations are required to support a punitive claim.** [Citations.]

Weil & Brown, California Practice Guide: Civil Procedure Before Trial, 6:158 (The Rutter Group) (emphasis added).

Throughout the entire Complaint, Plaintiff's general allegations fail to describe any, let alone specific, conduct so "despicable" that it "is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." BAJI No. 14.72.1. Instead, Plaintiff simply lists the minimum allegations necessary to maintain the three claims for relief and then describes those allegations using the vocabulary of Civil Code section 3294. A request for punitive damages requires more than alleging tortious conduct and then characterizing it as "willful" and "intended to cause injury." See Taylor v. Superior Court, 24 Cal. 3d 890, 894 (1979) (stating that "[s]omething more than the mere commission of a tort is always required for punitive damages").

In the instant case, although the Complaint conveniently employs key terms such as "willful" and "intended to cause injury," Plaintiff has failed to allege any *specific factual allegations* demonstrating entitlement to an award of punitive

damages. For instance, with regard to the intentional interference with prospective economic advantage claim, Plaintiff failed to plead <u>any</u> factual allegations to support a punitive damage claim. <u>See</u> <u>Complaint</u> ¶¶ 60-62. As for the intentional infliction of emotional distress and invasion of privacy claims, short of pleading key words like knowingly, willfully, fraudulently, malicious intent and oppression, Plaintiff provides absolutely no other facts in support of punitive damages. <u>See</u> <u>Complaint</u> ¶¶ 66, L 6-7, 70 L 19-20. Plaintiff completely fails to describe specific factual allegations of malice, oppression, or fraud as required by <u>Civil Code</u> section 3294. The Complaint's generic allegations cannot serve as the bases for a prayer for punitive damages.

## IV. **CONCLUSION.**

Even assuming, arguendo, that Plaintiff's allegations are not not self-contradictory and false, the Complaint still does not describe conduct sufficient to rise to the level of "malice," "oppression," or "fraud" as required by law to support a prayer for punitive damages. Based on the authority and argument set forth above, Defendants respectfully request that the Court strike as improper from the Complaint all language purporting to entitle Plaintiff to an award of punitive damages. Specifically, Defendants request that the Court strike as improper Paragraph 70 (10:28) of the Complaint, as well as Item 3 of the Complaint's Prayer for Relief (12:10).

DATED: June 4th, 2009

KLINEDINST PC

By: /s/ Robert J. Hatem
ROBERT J. HATEM
JASON T. YU
Attorneys for Defendants,
LAW OFFICES OF COREY FITZGERALD, MARK BISHOP and DEANA RIGHETTINI

786865v1

- 10 -

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF HANNY ROBINSON'S COMPLAINT PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx