Robert J. Hatem, Bar No. 185654
Jason T. Yu, Bar No. 232740
KLINEDINST PC
777 S. Figueroa St., 47th Floor
Los Angeles, California 90017
(213) 607-2115/FAX (213) 607-2116
rhatem@klinedinstlaw.com
jyu@klinedinstlaw.com

Attorneys for Defendants
LAW OFFICES OF COREY FITZGERALD, MARK BISHOP, erroneously named as MR. BISHOP, and DEANA RIGHETTINI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNY ROBINSON,<br><br>   Plaintiff,<br><br>   v.<br><br>MANAGED ACCOUNTS RECEIVABLE CORPORATION; LAW OFFICES OF COREY FITZGERALD; DENNIS BELL; MR. BISHOP; DEANA RIGHETTINI and DOES 1 TO 1O,<br><br>   Defendants. | Case No.   CV09-01996 DDP (JCx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS HANNY ROBINSON'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>DATE:   June 29, 2009<br>TIME:   10:00 a.m.<br>CTRM.:   3 – 2nd Flr.<br><br>Judge:              Dean D. Pregerson<br>Magistrate:      Jacqueline Chooljian<br>Complaint Filed: 3-24-09<br>Trial Date:        None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: on June 29, 2009 at 10:00 a.m., in Courtroom 3, of the Central District Court, located at 312 N. Spring Street, Los Angeles, CA 90012, the Honorable Dean Pregerson presiding, Defendants DEANA RIGHETTINI, MARK BISHOP and LAW OFFICES OF COREY FITZGERALD will, and hereby do, respectfully move this Court to dismiss them from this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because:

a. Plaintiff Has Not and Cannot Sufficiently Pled Its Claim for Relief for the Fair Debt Collection Practices Act.

b. Plaintiff Has Not and Cannot Sufficiently Pled Its Claim for Relief for the California Rosenthal Fair Debt Collection Practices Act.

c. Plaintiff Has Not and Cannot Sufficient Pled Its Claim for Relief for Intentional Interference with Prospective Economic Advantage.

d. Plaintiff Has Not and Cannot Sufficient Pled Its Claim for Relief for Intentional Infliction of Emotional Distress.

e. Plaintiff Has Not and Cannot Sufficient Pled Its Claim for Relief for Invasion of Privacy

f. Plaintiff Has Not and Cannot Sufficient Pled Its Claim for Relief for Injunctive Relief under California Business and Professions Code § 17200.

g. Plaintiff cannot hold Defendants BISHOP and RIGHETTINI personally liable.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities, the accompanying [Proposed] Order; the pleadings and papers on file and hereafter filed; and upon other such matters as may be presented to the Court before or at the time of the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 28, 2009.

DATED: June 4th, 2009

KLINEDINST PC

By: /s/ Robert J. Hatem
ROBERT J. HATEM
JASON T. YU
Attorneys for Defendants,
LAW OFFICES OF COREY FITZGERALD, MARK BISHOP and DEANA RIGHETTINI

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL ALLEGATIONS OF THE COMPLAINT .......................................1

III. FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6) ........................2

    a. This Court Must Apply California Law With Respect To Legally Substantive Issues. .............................................................................................2

    b. Federal Law Provides The Standard For A Motion To Dismiss. ...................3

IV. ARGUMENT .......................................................................................................4

    a. Plaintiff's Alleged Violations Under the Fair Debt Collection Practices Act Are Insufficient. ..........................................................................4

    b. Plaintiff's Claim for Violation of the Rosenthal Fair Debt Collection Practices Act Is Inadequately Pled ...................................................5

    c. Plaintiff's Claim for Intentional Interference with Prospective Economic Advantage Is Insufficiently Pled. ....................................................6

    d. Plaintiff's Claim for Intentional Infliction of Emotional Distress Is Inadequately Pled. ............................................................................................7

    e. Plaintiff Failed to Properly Plead Her Claim for Invasion of Privacy ...........8

    f. Plaintiff's Cal. Bus. & Prof. Code Section 17200 Claim Is Inadequately Pled ...........................................................................................10

    g. Defendants Bishop And Righettini Cannot Be Individually Liable To Plaintiff And Should Be Dismissed From The Current Lawsuit ................11

V. CONCLUSION ..................................................................................................12

- i -

NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

<u>**TABLE OF AUTHORITIES**</u>

<u>Page(s)</u>

**Cases**

Balistreri v. Pacifica Police Department,
  901 F.2d 696, 699 (9th Cir. 1990)......................................................................3

Bell Atlantic Corp. v. Twombly,
  127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 949 (2007).................................10

Bogard v. Employers Casualty Co.,
  164 Cal. App. 3d 602, 617-18 (1985) .................................................................8

Byrd v. Blue Ridge Rural Electrical Cooperative, Inc.,
  356 U.S. 525, 536 (1958) ....................................................................................3

Cahil v. Liberty Mutual Insurance Co.,
  80 F.3d 336, 337-38 (9th Cir. 1996) ...................................................................3

Cervantes v. J.C. Penny Co.,
  24 Cal. 3d 579, 593 (1979)..................................................................................7

Computer Econs., Inc. v. Gartner Group, Inc.,
  50 F.Supp.2d 980, 990 (S.D. Cal. 1999).............................................................3

Davidson v. City of Westminster,
  32 Cal. 3d 197, 209 (1982)..................................................................................7

De La Cruz v. Tormey,
  582 F.2d 45, 48 (9th Cir. 1978)...........................................................................3

Della Penna v. Toyota Motor Sales, U.S.A., Inc.,
  902 P.2d 740, 761 (Cal. 1995).............................................................................6

Gorman v. Wolpoff & Abramson, LLP,
  370 F.Supp.2d 1005, 1013 (N.D. Cal. 2005) ..................................................4, 5

Guaranty Trust Co. v. York,
  326 U.S. 99, 109 (1945) ......................................................................................3

Hill v. National Collegiate Athletic Ass'n.,
  7 Cal. 4th 1, 37 (1994).........................................................................................9

In re Delorean Motor Co.,
  991 F. 2d 1236, 1240 (6th Cir. 1993)..................................................................3

Kolker v. Duke City Collection Agency,
  750 F. Supp. 468, 469 (D. N.M. 1990) ...............................................................4

Korea Supply Co. v. Lockheed Martin Corp.,
  63 P.3d 937, 950 (Cal. 2003)...............................................................................6

- ii -

NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Nally v. Grace Community Church,
  47 Cal. 3d 278, 300 (1988)..................................................................................7

Neilson v. Union Bank of California,
  290 F. Supp.2d 1101, 1116 (C.D. Cal. 2003).....................................................11

Parks School of Business v. Symington,
  51 F.3d 1480, 1484 (9th Cir. 1995).....................................................................4

Pioneer Electronics (USA), Inc. v. Superior Court,
  40 Cal. 4th 360, 370 (2007).................................................................................9

Riveria v. MAB Collections, Inc.,
  682 F. Supp. 174, 175-76 (W.D.N.Y. 1988)........................................................4

Schlauch v. Hartford Acc. & Indem. Co.,
  146 Cal. App. 3d 926, 936 (1983).......................................................................7

SEC v. Cross Financial Services, Inc.,
  908 F. Supp. 718, 726-27 (C.D. Cal. 1995) ........................................................3

Silicon Knights, Inc. v. Crystal Dynamics, Inc.,
  983 F. Supp. 1303, 1316 (N.D. Cal. 1997) .......................................................10

Sprewell v. Golden State Warriors,
  266 F. 3d 979, 099 (9th Cir. 2001).......................................................................4

Tollefson v. Roman Catholic Bishop,
  219 Cal. App. 3d 843, 858 (1990).......................................................................8

Trerice v. Blue Cross of Calif.,
  209 Cal. App. 3d 878, 883 (1989).......................................................................7

Vess v. Ciba-Geigy Corp.,
  317 F.3d 1097, 1088-87 (9th Cir. 2003) ...........................................................10

Western Mining Council v. Watt,
  839 F.Supp. 711, 718 (C.D. Cal. 1993)...............................................................3

Whatley v. Universal Collection Bureau, Inc.,
  525 F. Supp. 1204, 1206 (N.D. Ga. 1981) ..........................................................4

Withers v. Eveland,
  988 F. Supp. 942, 945 (E.D. Va. 1997)...............................................................4

Yurick v. Superior Court,
  209 Cal. App. 3d 1116, 1120 (1989)...................................................................7

**Other Authorities**

California Business Code 17200..............................................................................10

Fair Debt Collection Practices Act ...................................................................2, 4, 5

Rosenthal Fair Credit Debt Collection Practices Act ...............................................5

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- iii -

NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

**Rules**

Federal Rules of Civil Procedure 12(b)(6)..................................................................3

Federal Rules of Civil Procedure 8..............................................................................5

- iv -

**NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**
CV09-1058 (DDP) JCx

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff HANNY ROBINSON's complaint is the very essence of an insufficiently pled complaint. Each of the six claims for relief is not only uncertain and insufficiently pled, but the deficiencies of the claims exist on several levels. Likewise, the complaint's allegations forestall any possibility that the defects may be cured by amendment. Defendants LAW OFFICES OF COREY FITZGERALD, MARK BISHOP and DEANA RIGHETTINI's (collectively "Defendants" unless individually referenced.) only apparent transgression was that Defendants apparently made a couple of innocuous telephone calls to Plaintiff. Plaintiff's litigious tactics cannot be tolerated, and Defendants respectfully request that the complaint be dismissed in full <u>without</u> leave to amend. If the court is not inclined to dismiss all claims in their entirety against Defendants, Defendants respectfully request that all claims against DEANA RIGHETTINI ("RIGHETTINI") and MARK BISHOP ("BISHOP") be dismissed, as Plaintiff has not articulated a basis on which to name these Defendants individually, especially when the face of the complaint asserts they were both acting within the course and scope of their employment.

### II. FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff's allegations center on an outstanding debt owed by the Plaintiff and being collected by the Defendants. Complaint ¶ 9. Plaintiff alleges that on February 5, 2009, Plaintiff received a phone message from Defendant BISHOP stating that Plaintiff was about to go to court for writing a bad check. See Complaint ¶ 19. Thereafter, Plaintiff alleges that BISHOP will not provide her with a validation on Plaintiff's account in question and that BISHOP made representations to Plaintiff that the case will go to superior court. See Complaint ¶¶ 21-24.

///

///

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Plaintiff further alleges that on March 12, 2009, Plaintiff received a phone call at work from Defendant RIGHETTINI and Plaintiff informed RIGHETTINI that she was not allowed to contact Plaintiff's workplace. Complaint ¶ 25. Plaintiff went on to allege that RIGHETTINI represented that Plaintiff owed $3,480 and that RIGHETTINI had discussed settlement terms with Plaintiff. See Complaint ¶¶ 26 – 27. Plaintiff asked RIGHETTINI to send Plaintiff written validation of the account; however, the written validation did not include the original creditor or account number. See Complaint ¶¶ 28-29. Plaintiff then alleges that letters from Defendant LAW OFFICE OF COREY FITZGERALD ("LOCF") sent to Plaintiff made no reference to the SCRA adjustment; failed to notify Plaintiff of her rights under the FDCPA or indicate the letter was written to collect a debt by a debt collector. See Complaint ¶¶ 30-31. On March 13, 2009, Plaintiff allegedly sent a letter to LOCF, disputing the account, requesting written validation on the account and to cease communications with her at work. See Complaint ¶ 32. Plaintiff then alleges that On March 13 and March 16, 2009, RIGHETTINI allegedly continued to contact Plaintiff at the workplace. See Complaint ¶¶ 33-36.

## III. FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)

### a. This Court Must Apply California Law With Respect To Legally Substantive Issues.

With the exception of the claim for violating the Fair Debt Collection Practices Act each of Plaintiff's claims against Defendants are founded solely upon California law. Accordingly, most issues raised in Defendants' Motion, are unquestionably substantive as they will inevitably determine the parties' rights and obligations. Thus, it is a well settled rule of law that "[f]ederal courts sitting in diversity must enforce state rules that are clearly substantive, [those] 'intended to be bound up with the definition of the rights and obligations of the parties.'" *Computer Econs., Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 990 (S.D. Cal.

1999)( quoting *Byrd v. Blue Ridge Rural Electrical Cooperative, Inc.,* 356 U.S. 525, 536 (1958)). Any California "rules that define the elements of a cause of action, affirmative defenses, presumptions, and burdens of proof and rules that create or preclude liability" must be applied as they "are so obviously substantive that their application in diversity actions is required." *Computer Econs., Inc., supra,* 50 F.Supp.2d at 990. This is to ensure that the outcome of the litigation is "substantially the same... as it would be if tried in a State court." *Guaranty Trust Co. v. York,* 326 U.S. 99, 109 (1945).

    b.    **Federal Law Provides The Standard For A Motion To Dismiss.**

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims stated in the complaint, and the court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of the legal remedy. See *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978); *SEC v. Cross Financial Services, Inc.,* 908 F. Supp. 718, 726-27 (C.D. Cal. 1995). Dismissal under this rule is proper where there is either a lack of a "cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable theory." See e.g., *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990).

To resolve such a motion, the Court must: 1) construe the complaint in the light most favorable to the plaintiff; 2) accept all well-pled factual allegations as true; and 3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. See *Cahil v. Liberty Mutual Insurance Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). In construing the allegations in the complaint, however, the Court can reject conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. See *In re Delorean Motor Co.,* 991 F. 2d 1236, 1240 (6th Cir. 1993); *Western Mining Council v. Watt,* 839 F.Supp. 711, 718 (C.D. Cal. 1993). Moreover, and directly pertinent to the instant matter:

> the court need not. . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibits. Nor is the court required to accept as true allegations that are merely conclusory, unwanted deductions of fact, or unreasonable inferences.

*Sprewell v. Golden State Warriors*, 266 F. 3d 979, 099 (9th Cir. 2001). If Plaintiff can prove no set of facts that would entitle it to relief, dismissal is appropriate. *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Here, dismissal is proper under Federal Rules of Civil Procedure as set forth below.

## IV. ARGUMENT

### a. Plaintiff's Alleged Violations Under the Fair Debt Collection Practices Act Are Insufficient.

Plaintiff's claim for violation under the Fair Debt Collection Practices Act ("FDCPA") is riddled with insufficiencies. To establish a violation of the FDCPA, one need must show that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant collecting the "debt" is a "debt collector" as defined in the FDCPA; and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the FDCPA. *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D. N.M. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981). Generic and conclusory allegations about allegedly harassing telephone calls are insufficient to state a claim for relief under the FDCPA. See *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d 1005, 1013 (N.D. Cal. 2005). Here, Plaintiff's only allegation against Defendants is that they "violated numerous sections of the FDCPA." See Complaint ¶ 42. Plaintiff's complaint is severely inadequate in that it fails to allege specifically which of the five Defendants violated which sections of the FDCPA. Rather, Plaintiff's entire claim rests on "the defendants violated numerous sections of the FDCPA." Complaint ¶ 42.

Fairness demands that each of the Defendants are fully aware of the exact act(s) they are being hauled into court for. Likewise, they are entitled to know exactly which section of the FDCPA they allegedly violated in order to prepare an adequate defense for the current lawsuit. Plaintiff's complaint fails to demonstrate any specificity as to each Defendant and in turn should be dismissed.

### b. Plaintiff's Claim for Violation of the Rosenthal Fair Debt Collection Practices Act Is Inadequately Pled

Plaintiffs also bring a cause of action under the Rosenthal Fair Credit Debt Collection Practices Act (hereinafter referred to as the "California FCDCPA"). *Cal. Civ. Code* §§ 1788 *et seq.* (2005). Under the California FDCPA, a plaintiff is required to state the date and contents of the allegedly harassing or annoying communications, such that defendant can craft a responsive pleading. See *Gorman supra* 370 F.Supp.2d at 1013 (granting defendant's motion to dismiss because conclusory statements about alleged phone calls failed to satisfy even the liberal pleading standards of *Rule 8 of the Federal Rules of Civil Procedure*). Again, Plaintiff's complaint is inadequate in that it fails to allege specifically which of the five Defendants violated which sections of the California FDCPA. Plaintiff's entire claim rests on "the defendants violated the Rosenthal Act." Complaint ¶ 49, L 23-24. More importantly, the complaint is self contradicting by claiming that "none of the defendants to this claim are an attorney nor counselor at law." Complaint ¶ 46, L 15-16. Clearly, LOCF is a law office and therefore a counselor at law. Thus, the fact the complaint is self-contradictory, coupled with the vague references to the same wrongful acts allegedly committed by five Defendants, warrants a dismissal of the current action.

### c. Plaintiff's Claim for Intentional Interference with Prospective Economic Advantage Is Insufficiently Pled.

Plaintiff's claim for intentional interference with prospective economic advantage is wrongfully pled. In California, "the tort of intentional interference

- 5 -

NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

with prospective economic advantage" includes five elements: 1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; 2) the defendant's knowledge of the relationship; 3) intentional acts on the part of the defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.,* 63 P.3d 937, 950 (Cal. 2003). With respect to the third element, the plaintiff "must show that the defendant's conduct was independently wrongful," such that the interference is accomplished through "unlawful conduct" or "independently tortious means." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 902 P.2d 740, 761 (Cal. 1995).

In the instant case, Plaintiff failed to plead any of the above-enumerated elements. First and foremost, Plaintiff failed to identify which Defendants allegedly committed which acts or omission to act that interfered with Plaintiff's economic advantage. Likewise, Plaintiff failed to plead any allegations that: 1) an economic relationship existed between the Plaintiff and some third party, with the probability of future economic benefit to the Plaintiff; 2) the Defendants' knowledge of the relationship; 3) intentional acts on the part of the Defendants designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) economic harm to the Plaintiff proximately caused by the acts of the Defendants. In contrast, Plaintiff's only pled that "defendants called Plaintiff's workplace with the intention of causing Plaintiff to fear being reprimanded by her employer and, they hoped the calls would get Plaintiff reprimanded. . ." Complaint ¶62, L 7-19. This is far cry from any proper pleading practices and accordingly Plaintiff's claim for intentional interference with prospective economic advantage utterly fails.

///

///

///

- 6 -
NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

- 7 -

### d. Plaintiff's Claim for Intentional Infliction of Emotional Distress Is Inadequately Pled.

Plaintiff's intentional infliction of emotional distress ("IIED") claim against Defendants fails as a matter of law because Plaintiff's complaint, on its face, does not include the essential elements of a claim for IIED. In order to allege facts sufficient to constitute the tort of intentional infliction of emotional distress, a plaintiff must allege the following essential elements: 1) outrageous conduct by the defendant; 2) intention to cause or reckless disregard of the probability of causing emotional distress; 3) severe or extreme emotional suffering and distress; and 4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Nally v. Grace Community Church*, 47 Cal. 3d 278, 300 (1988) (affirming nonsuit), cert denied, 490 U.S. 1007 (1989); *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982) (sustaining demurrer); *Trerice v. Blue Cross of Calif.*, 209 Cal. App. 3d 878, 883 (1989) (affirming summary judgment). If even one of the above elements is missing, then a plaintiff cannot prevail on his claim. *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1120 (1989). To state a claim for IIED, a defendant's alleged conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983); *Cervantes v. J.C. Penny Co.*, 24 Cal. 3d 579, 593 (1979). Even conduct that objectively offends and breaches common standards of civility may not qualify as outrageous conduct. Yurick, supra, at 1129. In fact, the standard is much tougher. A person's conduct which is not so egregiously outside the realm of civilized conduct does not give rise to actionable infliction of mental distress. *Id.* at 1124. The requirements of the rule are rigorous and difficult to satisfy. *Id.* at 1129. A trial court may determine, as a matter of law, whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. See, e.g., *Tollefson v. Roman Catholic Bishop*, 219 Cal. App. 3d 843, 858 (1990).

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Here, the complaint lacks any allegations that Plaintiff suffered any severe or extreme emotional suffering and distress. More significantly, the complaint is devoid of any allegations of what alleged outrageous conduct proximately caused Plaintiff's alleged injury. Surely, the Plaintiff does not expect that a couple of letters and phone calls from an alleged debt collecting Defendant can amount to the severe outrageous conduct as required by the above-mentioned case law.

Second, in order to state a claim for IIED, Plaintiff must allege facts supporting a finding of "severe" emotional injury or trauma. As the court held in *Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 617-18 (1985), conclusory allegations that one has suffered severe emotional distress are inadequate. "Severe emotional distress means, then, emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id.* at 617-618 (citations omitted). Plaintiff does not plead sufficient facts that she suffered any severe emotional distress or trauma. In turn, Plaintiff's complaint ignores critical pleading requirements sufficient for a claim for IIED.

e. **Plaintiff Failed to Properly Plead Her Claim for Invasion of Privacy.**

Plaintiff's claim for invasion of privacy must fail because Plaintiff does not specify the four common law counts for invasion of privacy. Similarly, Plaintiff's claim fails because Defendants did not violate Plaintiff's legally recognizable privacy rights. First, Plaintiff failed to specify which of the four common law counts for invasion of privacy the Defendants allegedly invaded: 1) unreasonable intrusion upon the seclusion of another; 2) appropriation of the other's name or likeness; 3) unreasonable publicity given to the other's private life; and 4) false light. As the pleadings stand, Plaintiff failed to specifically identify which Defendant violated which of the above-enumerated counts for invasion of privacy.

///

Secondly, as a matter of informational privacy, Plaintiff failed to sufficiently plead that Plaintiff had a reasonable expectation of privacy. This informational privacy theory requires Plaintiff to show: 1) a legally protected privacy interest; 2) a reasonable expectation of privacy in the circumstances; and 3) conduct by the defendant constituting a serious invasion of privacy. *Hill v. National Collegiate Athletic Ass'n.*, 7 Cal. 4th 1, 37 (1994). "If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion of privacy may be adjudicated as a matter of law." *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal. 4th 360, 370 (2007). Plaintiff has not sufficiently pled any elements of a privacy claim.

Plaintiff did not allege a protected privacy interest in her personal identification information. "A particular class of information is private when well-established social norms recognize the need to maximize individual control over its dissemination . . . such norms create a threshold reasonable expectation of privacy in the data at issue." *Hill, supra.* 7 Cal. 4th 1 at 35. Plaintiff's only allegations are that "Plaintiff . . . continues to have reasonable expectation of privacy with respect to the sanctity of her home, personal relations, and workplace and to be free from harassment by telephone or in person" and ". . . defendants seriously invaded Plaintiff's right to privacy in a manner which constituted an egregious breach of social norms." Complaint ¶¶ 68 – 69.

Taken alone, Plaintiff's allegations are woefully inadequate. Specifically, as admitted in Plaintiff's complaint, Defendant RIGHETTINI spoke with Plaintiff when she called Plaintiff at work. Defendant did not disclose any of Plaintiff's personal information to Plaintiff's colleagues. Furthermore, Plaintiff failed to plead any facts which legitimately demonstrate that Defendants obtained Plaintiff's personal information and contact information illegitimately. In sum, Plaintiff fails to plead a proper claim for invasion of privacy.

///

f. **Plaintiff's Cal. Bus. & Prof. Code Section 17200 Claim Is Inadequately Pled.**

Plaintiff's claim for injunctive relief under *Cal. Bus. Code 17200* is lacking. Plaintiff fails to allege any specific "unlawful" conduct that would form the basis of the "unlawful" business practices alleged. See *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (stating that parties alleging unfair or unlawful business practices "must state with reasonable particularity the facts supporting the statutory elements of the violation."). Plaintiff fails to provide any particularized allegations against each of the five Defendants. Similarly, Plaintiff impermissibly conflates the actions of the various Defendants by stating that each of the "Defendants have committed unlawful, unfair or fraudulent acts . . . in engaging in the business of debt collection . . ." Complaint ¶ 74, L 5-7. If Plaintiff fails to provide any facts identifying the role of the individual Defendants in the purported violation of the 17200 claim, then it would be utterly impossible for the five Defendants to adequately prepare a defense.

Additionally, Plaintiff fails to allege facts with sufficient particularity such that Plaintiff is even entitled to injunctive relief. "[A] plaintiff's obligation to provide the grounds' of his 'entitlement to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1088-87 (9th Cir. 2003) at, citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 949 (2007). Other than providing broad boilerplate pleading that is inapplicable to the five Defendants, Plaintiff has done nothing to illuminate the Defendants of their alleged wrongdoing. It would be wholly unreasonable for this Court to grant the same injunctive relief against five different Defendants who acted completely differently. In turn, this Court must not grant injunctive relief against the Defendants.

- 10 -

### g. Defendants Bishop And Righettini Cannot Be Individually Liable To Plaintiff And Should Be Dismissed From The Current Lawsuit

If the court is currently unwilling to dismiss all claims against the Defendants in this action, it is respectfully requested that the Court dismiss all claims against RIGHETTINI and BISHOP. Both RIGHETTINI and BISHOP were acting within the scope of their employment at LOCF. As a precursor, Plaintiff's complaint admits that Defendants RIGHETTINI and BISHOP were employed by LOCF. See Complaint ¶¶ 6-7. The complaint is completely devoid of any pleading which states that Defendants BISHOP and RIGHETTINI were acting outside the scope of their employment by allegedly contacting Plaintiff.

Secondly, at the pleading stage, plaintiff may not simply make "conclusory allegations" of individual liability under an alter ego theory. *Neilson v. Union Bank of California*, 290 F. Supp.2d 1101, 1116 (C.D. Cal. 2003). Thus, "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Id.* Here, the complaint is completely devoid of any allegations to support how BISHOP and RIGHETTINI are liable to Plaintiff when they were acting within the scope of their employment. Not even a conclusory statement is pled to support the inference of an alter ego relationship between the individual Defendants and LOCF. Plaintiff has utterly failed to make a *prima facie* case of alter ego relationship between LOCF and the individual Defendants and accordingly RIGHETTINI and BISHOP should be dismissed from the present lawsuit.

///
///
///
///
///

- 11 -

NOTICE OF MOTION AND MOTION TO DISMISS OF HANNY ROBINSON'S
COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
CV09-1058 (DDP) JCx

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## V. CONCLUSION

For the foregoing reasons, the lawsuit should be dismissed in its entirety. If the Court is not currently inclined to dismiss all claims, it is respectfully requested that the individual Defendants be dismissed as Plaintiff has provided no basis for their individual liability.

DATED: June 4th, 2009

KLINEDINST PC

By: /s/ Robert J. Hatem
ROBERT J. HATEM
JASON T. YU
Attorneys for Defendants,
LAW OFFICES OF COREY FITZGERALD, MARK BISHOP and DEANA RIGHETTINI

787181v1