1  **Robert Stempler**, Cal. Bar No. 160299
   Email: Robert@StopCollectionHarassment.com
2  CONSUMER LAW OFFICE OF
   ROBERT STEMPLER, APLC
3  P.O. Box 1721
   Palm Springs, CA 92263-1721
4
5  Telephone (760) 422-2200
   Fax: (760) 479-5957
6
7  Counsel for Plaintiff
8
9               UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
11
12 | HANNY ROBINSON,              )  Case No.  CV-09-01996 DDP (JCx)
                                  )
13 |         Plaintiff,           )  PLAINTIFF'S MEMORANDUM OF
                                  )  POINTS AND AUTHORITIES
14 |     vs.                      )  OPPOSING MOTION TO STRIKE
                                  )  PORTIONS OF PLAINTIFF'S
15 | MANAGED ACCOUNTS             )  COMPLAINT UNDER RULE 12(f)
     RECEIVABLE                   )
16   CORPORATION;                 )  Time: 10:00 a.m.
     et al.;                      )  Date: June 29, 2009
17                                )  Place: Courtroom 3 (LA Spring St.)
             Defendants.          )  Judicial Ofcr: Judge Dean D. Pregerson
18                                )
                                  )
19                                )
                                  )
20
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

I.     INTRODUCTION

Plaintiff's complaint alleges seven claims: (1) Violating the Fair Debt Collection Practices Act ("FDCPA"); (2) Violating the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (3) Fraud; (4) Intentional Interference with Prospective Economic Advantage; (5) Intentional Infliction of Emotional Distress; (6) Invasion of Privacy; and (7) Injunctive Relief under California Business and Professions Code.

Defendants brought this Motion to Strike under Rule 12(f) [Doc. No. 10] for failure to allege sufficient facts to support the prayer for punitive damages under three of the state-law claims (Four, Five, and Six). The third claim is for fraud also seeks punitive damages, but it is not asserted against Defendants  As discussed below, the motion to strike should be denied.

II.    STATEMENT OF FACTS

Defendants Law Offices of Corey Fitzgerald, Mark Bishop, and Deana Righettini (collectively referred to as "Defendants") filed this motion to strike, along with a motion to dismiss under Rule 12(b)(6). There are two other defendants named in the complaint, but they have not filed an appearance in this case. Accordingly, this opposition brief concerns the Defendants only, not any other named defendants.

Defendant Law Offices of Corey Fitzgerald is "engaged primarily in the business of collecting debts." (See Complaint ¶ 4.) Defendants Mark Bishop and Deana Righettini were employees of Defendant Law Offices of Corey Fitzgerald. (See Complaint ¶¶ 6-7.) Thus, each of the Defendants is alleged to be a debt collector, under both the Federal and California Acts. (See Complaint ¶¶ 9, 39, 46.) The debt at issue was "incurred by plaintiff for personal, family, or household purposes, i.e., household furniture." (Complaint ¶ 41; see also ¶¶ 9, 48.)

1    As alleged in the Complaint, Defendant Bishop called Plaintiff's cell phone
2 on February 5, 2009, and left a phone message that they were about to sue to
3 enforce the debt. (See Complaint ¶ 19.) When Plaintiff called back, Defendant
4 Bishop stated "that Plaintiff had written a bad check, to which Plaintiff replied that
5 the $500 check was stopped at Plaintiff's request to her bank." (Id.)

6    Defendant Bishop represented that he had Plaintiff's letter from the Marine
7 Corps's attorney, and that "they called the Marine Corps attorney about the bad
8 check, who said that the Marine Corps attorney will not represent Plaintiff because
9 it is a criminal charge." (Complaint ¶ 20.) When Plaintiff asked that the debt be
10 validated in writing, Defendant Bishop stated he "can't do that." (Complaint ¶ 21.)

11    Defendant Righettini called Plaintiff at work (the U.S. Marine Corps).
12 (Complaint ¶ 25; see also ¶¶ 10, 36.) When Plaintiff stated that she was not
13 permitted to contact Plaintiff's workplace, Righettini said, "Yes I can. There is
14 nothing that says that I can't." (Id. ¶ 25) Defendant Righettini accused Plaintiff of
15 writing "a couple of bad checks, to which Plaintiff explained that she never wrote
16 any actual checks, and that MarCorp took the funds electronically, after Plaintiff
17 had told them not to take any funds." (Id. ¶ 26.)

18    Plaintiff asked Defendant Righettini "to send Plaintiff written validation of
19 the Account, to which Deana represented that she would send the validation by
20 email and regular mail." (Complaint ¶ 28.) The letter that Defendant Righettini
21 emailed to Plaintiff "did not include the original creditor or account number, and
22 the balance due seemed incorrect." ((Id. ¶ 29.) Nor did the letter "notify Plaintiff
23 of her rights under the FDCPA or indicate that the letter was written to collect a
24 debt by a debt collector." ((Id. ¶ 31.)

25    "On March 13, 2009, Plaintiff sent a letter by certified mail to Fitzgerald,
26 attention Deana, disputing the Account, and requesting written validation of the
27 Account and to cease communications and not call her at work." (Complaint ¶
28 32.) Despite being advised that they may not call Plaintiff's workplace (a U.S.

- 2 -

Marine Corps's Base), Defendant Righettini "called Plaintiff's work place and spoke with a Sergeant on duty." ((Id. ¶ 33.)

On March 14, 2009, Defendant Law Offices of Corey Fitzgerald received Plaintiff's letter. (Complaint ¶ 34.) Two days later, Defendant Righettini "called Plaintiff's work place and spoke with the person who answers the phones, who informed Deana that she is not authorized to call the workplace, to which Deana commented that she will continue to call." (Complaint ¶ 35.) Again, the next day, "someone from a law office called Plaintiff's workplace asking for Plaintiff, to verify Plaintiff's employment, and stated that they will send someone on base to serve a lawsuit on Plaintiff." (Complaint ¶ 36.)

Under Intentional Infliction of Emotional Distress, paragraph 66 alleges: "Defendants' conduct was done knowingly, willfully, fraudulently, and/or with malicious intent." Under Invasion of Privacy, paragraph 70 alleges: "The defendants acted with oppression, fraud, and malice, thereby entitling Plaintiff to punitive damages."

Each of the foregoing facts are incorporated into all seven of the claims alleged in the Complaint. (See Complaint ¶¶ 37, 44, 50, 60, 63, 67, 71.)

III. LEGAL STANDARD

The Ninth Circuit, in Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832, 839 (9th Cir. 2007), stated:

> When enacted, Rule 8 eliminated the archaic system of fact pleading found in the state codes of pleading applied by the federal courts under the 1872 Conformity Act. Today, "[t]he only function left to be performed by the pleadings alone is that of notice."

In Reese v. Barton Healthcare Systems, 606 F.Supp.2d 1254, 1266 (E.D.Cal., 2008), U.S. District Judge Damrell stated:

1     "In federal court, a plaintiff may include a 'short and plain' prayer for
2     punitive damages that relies entirely on unsupported and conclusory
3     averments of malice or fraudulent intent." <u>Clark v. Allstate Ins. Co.</u>,
4     106 F.Supp.2d 1016, 1019 (S.D.Cal.2000); see <u>Neveu v. City of</u>
5     <u>Fresno</u>, 392 F.Supp.2d 1159, 1184 (E.D.Cal.2005); <u>Clark v. State</u>
6     <u>Farm Mut. Auto. Ins</u>. Co., 231 F.R.D. 405, 406 (C.D.Cal.2005). As
7     such, defendant's argument that plaintiff must plead specific facts to
8     support these allegations is without merit.

10    Plaintiff needs written discovery and probably two or three depositions to
11 establish the malice and fraudulent intent by Defendants to support her prayer for
12 punitive damages.   Accordingly, the motion to strike should be denied.

15 **IV. <u>PUNITIVE DAMAGES AGAINST EACH DEFENDANT ARE**
16     **PLAUSIBLE AND SUPPORTED BY THE CLAIMS ASSERTED</u>**
17     In <u>Wolk v. Green</u>, 516 F.Supp.2d 1121, 1134-35 (N.D.Cal., 2007)
18 (footnotes omitted), the Court stated:
19     Defendant also moves to strike plaintiff's request for punitive
20     damages. Where it is proven by clear and convincing evidence that
21     the defendant has been guilty of oppression, fraud, or malice, plaintiff
22     may recover damages in addition to the actual damages. Cal. Civil
23     Code § 3294; Judicial Council of California, Civil Jury Instructions
24     No. 3940.
25     Punitive damages are appropriate if the defendant's acts are
26     reprehensible, fraudulent or in blatant violation of law or policy.
27     <u>Tomaselli v. Transamerica Ins. Co.</u>, 25 Cal.App.4th 1269, 1287, 31
28     Cal.Rptr.2d 433 (1994). The mere carelessness or ignorance of the

|   |   |
|---|---|
| 1 | defendant does not justify the imposition of punitive damages. <u>Id.</u> |
| 2 | Punitive damages are proper only when the tortious conduct rises to |
| 3 | levels of extreme indifference to the plaintiff's rights, a level which |
| 4 | decent citizens should not have to tolerate. <u>Id.</u> |
| 5 |     Plaintiff alleges at least seven viable causes of action, |
| 6 | supported by specific factual allegations. I cannot say as a matter of |
| 7 | law that defendant's alleged conduct, such as his failure to timely |
| 8 | substitute as attorney of record, misrepresentations concerning his |
| 9 | time commitments and experience, and his demands for additional |
| 10 | funds, if proven, could not support an award of punitive damages. At |
| 11 | this stage, plaintiff's request for punitive damages is permissible. |

Defendants do not cite any authorities that the claims alleged in the Fourth, Fifth, and Sixth Claims fail to support a prayer for punitive damages. Thus, if Plaintiff presents evidence of "extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate," the request for punitive damages should be decided by a jury. <u>See</u> <u>id.</u> As explained in Plaintiff's opposition to the motion to dismiss, each of these claims are viable and allege sufficient facts to survive the motion to dismiss.

Plaintiff is a decent citizen, on active duty with our military forces, stationed in Southern California. As discussed in the opposition to the motion to dismiss, the FDCPA and Rosenthal Act articulate clear standards for collection of consumer debts. As alleged, the Defendants crossed those lines many times with respect to Plaintiff. Moreover, the Defendants went too far and crossed the lines for state law torts, as well.

As pertaining to the Defendant's motion to strike claims Four, Five, and Six, Plaintiff's complaint alleges that Plaintiff works for the U.S. Marine Corps, and Defendants were aware of this fact. (<u>See</u> Complaint ¶ 25; <u>see also</u> ¶¶ 10, 36.)

- 5 -

1  As with most government employment, future benefits include promotion and
2  raises in salary, retirement and other benefits, after certain years of service.
3  Plaintiff warned Defendant Righettini that she was not permitted to contact
4  Plaintiff's workplace, to which Righettini said, "Yes I can.  There is nothing that
5  says that I can't." and then she "called Plaintiff's work place and spoke with a
6  Sergeant on duty" and others on duty (Id. ¶¶ 25, 32-35.)
7        Thus, the Defendants were aware that her employer, the United States
8  Government, did not permit personal phone calls and not only did the Defendants
9  threaten and continue to call Plaintiff, they called and spoke with Plaintiff's co-
10 workers, revealing that Defendants were collecting an allegedly bad debt from
11 Plaintiff.  The FDCPA and Rosenthal Act both provide standards of conduct
12 governing collection calls that clearly prohibit such calls upon learning that the
13 employer does not permit calls to the place of employment.  This is explored in
14 detail in Plaintiff's opposition to the motion to dismiss.
15       To be able to assert further facts (other than adding more boilerplate
16 allegations, such as paragraphs 66 and 70, which should not become the Federal
17 standard on deciding Rule 12(f) motions to strike) in this case will require some
18 discovery to prove, but the Court should be able to infer that harassing a member
19 of the U.S. Marines on Base and calling her co-workers and others may impair her
20 ability to remain a Marine and receive the same promotions.  Also, Defendant
21 Mark Bishop inferred that Plaintiff bounced a check, and that may become a
22 criminal matter.  (See Complaint ¶ 20.) "Someone from a law office called
23 Plaintiff's workplace asking for Plaintiff, . . . and stated that they will send
24 someone on base to serve a lawsuit on Plaintiff." (Id. ¶ 36.)  To a member of the
25 U.S. Military, these claims may result in a charge of "conduct unbecoming an
26 officer" for which a Marine could be dishonorably discharged or imprisoned.
27       Thus, the Court should not strike Plaintiff's prayer for punitive damages
28 without permitting Plaintiff the opportunity to prove her case with adequate

- 6 -

1 discovery of these elements. To do otherwise is to give debt collectors (who are
2 alleged to have harassed members of our military and harass other Marines and
3 Government Employees on Base) the benefit of the Plaintiff's lack of evidence
4 from discovery, which would be a sorry policy for the District Courts to adopt.

5 Defendants cite no authority that a U.S. District Court should strike
6 Plaintiff's prayer for punitive damages for lack of evidence or that the demurrer
7 standards that govern pleadings in California Superior Courts trump Rule 8.  The
8 reference to Weil and Brown concerns state court practice and is inapplicable.

## V. LEAVE TO AMEND SOUGHT, IF THE MOTION IS GRANTED

"In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" <u>Doe v. United States</u>, 58 F3d 494, 497 (9th Cir. 1995).  The same should be true on considering a motion to strike punitive damages.  Plaintiff respectfully requests leave to amend, if the Court grants the motion to strike.

## VI. CONCLUSION

Plaintiff's complaint alleges three viable state tort claims that permit punitive damages. Therefore, the Motion to Strike should be denied.

```
                              CONSUMER LAW OFFICE OF ROBERT
                              STEMPLER, APLC


                              _____
                              By: Robert Stempler,
                              Attorney for Plaintiff
```